UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA,
ex rel. MAURICE KESHNER,

               Plaintiffs,

    -against-

NURSING PERSONNEL HOME CARE,
[REDACTED],
IMMEDIATE HOME CARE, INC.,
WALTER GREENFELD,
ISAAC SCHWARTZ,
[REDACTED],
[REDACTED],
MARY SMALLS, AND SMALLS
TRAINING & COUNSELING SCHOOL,

               Defendants.
--------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 06-CV-1067 (FB)

*Appearances*:
*For Plaintiff Maurice Keshner:*
BRIAN P. McCAFFERTY, ESQ.
Kenney & McCafferty, P.C.
1787 Sentry Parkway West
Building 18, Suite 410
Blue Bell, Pennsylvania 19422

*For Defendant Nursing Personnel Home Care:*
AVROM R. VANN, ESQ.
420 Lexington Avenue, Suite 2806
New York, New York 10170

**BLOCK, Senior District Judge:**

        On November 15, 2010, the Court awarded Maurice Keshner attorney's fees and costs in the amount of $185,962.12, to be paid by Nursing Personnel Home Care. Nursing Personnel has not paid the award, however, ostensibly because it is waiting for

the Court to reduce the award to judgment. Keshner has moved for an order enforcing the Court's award.

Federal Rule of Civil Procedure 58(a) requires that "[e]very judgment and amended judgment must be set out in a separate document." The rule then excepts from that requirement orders disposing of certain motions, *including a motion for attorney's fees under Rule 54.* See Fed. R. Civ. P. 58(a)(4).[1] Thus, contrary to Nursing Personnel's assumption, the Court's November 15, 2010 order is enforceable without a separate judgment.

Accordingly, Nursing Personnel shall, by March 31, 2013, either pay $187,024.13[2] to Keshner or show cause why a writ of execution should not immediately issue to the United States Marshal *and* why Nursing Personnel should not be required to pay attorney's fees and costs incurred by Keshner in bringing the enforcement motion as a sanction for its dilatory conduct.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 15, 2013

---

[1] Rule 54 does not create an entitlement to attorney's fees, but rather prescribes the time for and manner of requesting them.

[2] The principal amount of $185,962.12 plus $1,062.01 in interest accruing between November 15, 2010, and March 31, 2013. Interest was calculated using the governing rate of 0.24% per year, *see* 28 U.S.C. § 1961(a), and compounded annually, *see id.* § 1961(b).